UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DOMINIC TAMBURINO,

            Petitioner,                       Case No. 1:15-cv-1111

v.                                                    Honorable Janet T. Neff

SHAWN BREWER,

            Respondent.
_____/

**REPORT AND RECOMMENDATION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.   Factual Allegations

Petitioner is incarcerated in the G. Robert Cotton Correctional Facility. On February 17, 2005, Petitioner pleaded guilty in the Ingham County Circuit Court (Case No. 04-001347-FH) to one count of second-degree home invasion. In exchange for the plea, the prosecutor dismissed one count of first-degree home invasion and the habitual offender enhancement. (Plea Tr., ECF No. 7-1, PageID.81.) The plea also included an agreement that Petitioner's sentence would not exceed one year in the county jail. (*Id.*) Petitioner originally was scheduled for sentencing on March 23, 2005, but his sentence was delayed and he remained at the jail until an opening became available in the House of Commons substance abuse treatment program. Petitioner left the House of Commons without completing the program and was returned to jail. According to the sentencing hearing transcript and the judgment of sentence issued on July 20, 2005, the trial court sentenced Petitioner to 10 months in the Ingham County jail with 198 days' credit for time served, followed by three years of probation. (ECF No. 7-1, PageID.57, 69.) Petitioner was released from the county jail on September 19, 2005, after serving 61 days and earning 10 days of good time. Petitioner did not seek leave to appeal with regard to his conviction or sentence.

Following a probation violation, Petitioner was re-sentenced on June 7, 2006, to imprisonment of 18 months to 15 years with credit for 375 days' time served. (J. of Sentence, ECF No. 7-1, PageID.58.) Again, Petitioner did not seek leave to appeal with regard to his conviction or sentence.

Petitioner filed a motion for specific performance of the plea agreement in the Ingham County Circuit Court on or about January 22, 2013. Petitioner argued that the trial court actually sentenced him in 2005 to one year in jail with credit for 10 months' time served and that the amount

of time he served in jail before his release on September 19, 2005 exceeded the agreement with the prosecutor and the sentence imposed by the trial court.[1]  Petitioner contends that he made numerous attempts to obtain the July 20, 2005 sentencing transcript from the Ingham County Circuit Court in order to correct the sentencing error.  Petitioner finally obtained a copy of the transcript from the Michigan Supreme Court on March 1, 2013.  As set forth above, that transcript reflects a sentence of 10 months with credit for 198 days' time served.  Petitioner contends, however, that the transcript was altered and does not accurately state the amount of time served that was agreed upon with the prosecutor.  Petitioner requested a copy of the video of the sentencing hearing from the Michigan Supreme Court, but has not received it.  In his application for habeas corpus filed on or about October 26, 2015,[2] Petitioner continues to argue that he served in excess of one year before his release on September 19, 2005, in violation of the plea agreement.

        II.      <u>Statute of Limitations</u>

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  Section 2244(d)(1) provides:

---

[1] According to the Probation Violation Report, Petitioner served 198 days before his original sentencing date of March 23, 2005.  (ECF No. 7-1, PageID.44.)  Sentencing was delayed and Petitioner was held in the jail for 53 days before an opening became available in the House of Commons.  Thereafter, Petitioner was at the House of Commons for 41 days and jailed for an additional 14 days before he was sentenced on July 20, 2005.

[2] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner did not date his original petition, but the envelope was postmarked on October 26, 2015, and it was received by the Court on October 28, 2015.  Thus, it must have been handed to prison officials no later than October 26.  For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner was sentenced on July 20, 2005. He did not file a direct appeal of his conviction to either the Michigan Court of Appeals or the Michigan Supreme Court. Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time

for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added). At that time, Petitioner had one year, until July 20, 2006, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(F)(3). Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, his conviction became final when his time for seeking review in that court expired. *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (holding that a defendant's conviction became final when the time for seeking review under Mich. Ct. R. 7.205(F)(3) expired); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time expires for seeking state-court review). Accordingly, Petitioner's conviction became final on July 20, 2006. Thereafter, Petitioner had one year, until July 20, 2007, to file his habeas application. The instant petition was filed on October 26, 2015, more than eight years after the statute of limitations expired. Thus, his application is time-barred.[3]

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v.*

---

[3] The result in this case would be no different if Petitioner was challenging the computation of credit for time served for purposes of the June 7, 2006 judgment of sentence. Because Petitioner did not appeal the judgment of sentence, he had one year, until June 7, 2007 in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. Thereafter, Petitioner had one year, until June 7, 2008, in which to file a habeas petition challenging the 2006 judgment of sentence.

*Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's one-year period expired in 2007, his collateral motion filed in 2013 cannot serve to revive the limitations period.

        The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen*, 366 F.3d at 401. The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence v. Florida*, 549 U.S. 327, 335 (2007); *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

        Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. Petitioner argues that he was unable to obtain a copy of the July 20, 2005 sentencing transcript until March 1, 2013, and has been unable to obtain a copy of the hearing video in order to show that the transcript has been altered. However, the judgment of sentence issued in this case on July 20, 2005 clearly states that Petitioner was sentenced to 10

months in jail with credit for 198 days' credit for time served, followed by 36 months of probation. (ECF No. 7-1, PageID.57.) Petitioner, therefore, had notice of the alleged error at the time of sentencing in 2005. Petitioner however, failed to file a direct appeal or file a motion in the state court until 2013. Consequently, I cannot find that Petitioner has been pursuing his rights diligently or that some extraordinary circumstance stood in his way. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations. [4]

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual

---

[4] In addition to being time-barred, the petition may be subject to dismissal for lack of jurisdiction because Petitioner is not "in custody" pursuant to the 2005 judgment of sentence being challenged in this case. Title 28 U.S.C. §2254(a) requires that a petition be filed by person "in custody pursuant to the Judgment of a State court." Petitioner was re-sentenced in 2006 following the probation violation. Consequently, at the time Petitioner filed the instant petition, he was in custody pursuant to the 2006 re-sentencing. *See Ayers v. Bradshaw*, No. 3:07CV2663, 2008 WL 906100, at *1 (N.D. Ohio Mar. 31, 2008).

innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, although Petitioner baldly claims that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Date:  March 11, 2016                                               /s/ Ellen S. Carmody
                                                                                   ELLEN S. CARMODY
                                                                                   United States Magistrate Judge

### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).